UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM LLOYD, individually and on behalf of all others similarly situated | * * * | |
| Plaintiff, | * * | |
| | * | CASE NO. 2:20-cv-1442 |
| versus | * * | |
| BEK ENTERPRISES, INC. and ASHLEE GRAVES | * * * | |
| | * | COLLECTIVE ACTION |
| Defendants. | * | |

_____

# ORIGINAL COMPLAINT

Plaintiff, William Lloyd, by and through undersigned counsel, on behalf of himself and all others similarly situated, brings this Complaint against Defendants, BEK Enterprises, Inc. and Ashlee Graves, and in support of his claim, states as follows:

### SUMMARY

1. Defendants, BEK Enterprises, Inc. and Ashlee Graves (collectively referred to herein as "Defendants"), employ general laborers, including construction workers and landscapers, and pay them a regular hourly rate for all hours worked, including hours worked over forty (40) in a workweek.

2. Although these workers regularly work more than forty (40) hours in a workweek, Defendants do not pay them overtime.

3. Defendants' policy of paying these employees straight-time for all hours worked with no overtime pay violates the Fair Labor Standards Act ("FLSA").

4. This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## PARTIES

7. William Lloyd ("Lloyd") was employed by Defendants as a laborer from approximately May or June 2019 to April 2020.

8. Lloyd's written consent to join this action is attached. (Exhibit "A").

9. Defendant BEK Enterprises, Inc. ("BEK") is a Louisiana corporation doing business in the State of Louisiana.

10. Defendant BEK may be served through its registered agent, Ashlee Graves, 35112 Walker North, Walker, LA 70785.

11. Defendant Ashlee Graves ("Graves") is a major, individual domiciled in Louisiana, who may be served at 35112 Walker North, Walker, LA 70785.

12. Together, Defendants have employed Plaintiff and all other similarly situated employees at all relevant times as a single enterprise.

13. Defendant Graves is the owner and operator of BEK.

14. At all relevant times, Graves is and has been an "employer" of Plaintiff and the FLSA Collective members as that term is defined by the FLSA.

15. At all relevant times, Graves has been actively involved in managing the operations of BEK.

16. At all relevant times, Graves has had control over BEK's pay policies.

17. At all relevant times, Graves has had control over BEK's personnel and payroll decisions.

18. At all relevant times, Graves has had the power to stop any illegal pay practices that harmed Plaintiff and the FLSA Collective members.

19. At all relevant times, Graves has had the power to transfer the assets and liabilities of BEK.

20. At all relevant times, Graves has had the power to declare bankruptcy on behalf of BEK.

21. At all relevant times, Graves has had the power to enter into contracts on behalf of BEK.

22. At all relevant times, Graves has had the power to close, shut down, and/or sell BEK.

## FACTS

23. Plaintiff and similarly situated employees work or worked for Defendants as general laborers during the applicable statutory period.

24. Plaintiff and similarly situated employees perform work as general laborers in Defendants' construction and landscape business.

25. BEK is a contractor providing construction and landscaping services.[1]

26. At all relevant times, BEK has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

27. Defendants' employees routinely handle goods or materials – such as rakes, shovels, skid-steers, edgers, mowers, and weed-eaters - that have moved in, or were produced for, interstate commerce.

28. Upon information and belief, in each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

29. Over the past three (3) years, Defendants employed dozens of individuals – including Lloyd – as general laborers.

30. Defendants routinely suffered and permitted Lloyd and the other similarly situated employees to work over forty (40) hours in a workweek.

31. Defendants have a common policy of not paying Plaintiff and the other similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

32. Defendants paid Plaintiff and similarly situated employees their regular hourly rate for all hours worked, rather than paying one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

33. For example, during one workweek in January 2020, Plaintiff was paid forty (40) hours at his regular rate of $12.00 per hour. He was paid a total $234.00 as "non-taxable per diem"

---

[1] https://www.facebook.com/BEK-Enterprises-INC-502614989945934/ (last visited May 5, 2020).

for the additional nineteen and one-half (19.5) hours he worked paid at his regular rate of $12.00 per hour.

34. During the workweek of April 20, 2020 to April 26, 2020, Plaintiff was paid forty (40) hours at his regular rate of $12.00 per hour. He was paid a total of $60.00 as "non-taxable per diem" for the additional five (5) hours he worked paid at his regular rate of $12.00 per hour.

35. Defendants willfully operated under a common scheme to deprive Plaintiff and similarly situated employees of overtime compensation by not paying them overtime for all hours worked in excess of forty (40) in a workweek.

36. Instead, Defendants paid all hours over 40 in a workweek at Plaintiff's and similarly situated employees' regular straight time rate and classified such payments as "*per diem*" when such payments were in fact made for hours worked and were not bona fide *"per diem"* payments at all.

37. Defendants' general laborer employees are non-exempt employees under the FLSA.

38. Defendants were aware, or should have been aware, that the general laborers were non-exempt employees under the FLSA.

39. Defendants were aware that Plaintiff and the similarly situated employees worked overtime because Defendants kept track of their time by having Plaintiff and the similarly situated employees clock-in and clock-out using a punch clock at Defendants' premises.

40. Defendants were aware, or should have been aware, that their failure to pay overtime for all hours worked over forty (40) in a workweek violated the FLSA.

41. Nonetheless, Defendants did not (and do not) pay Plaintiff and similarly situated employees overtime for hours worked in excess of forty (40) in a workweek.

**COLLECTIVE ACTION ALLEGATIONS**

42. Lloyd brings this claim under Section 216(b) of the FLSA as a collective action.

43. The same policy that caused Lloyd to be denied his overtime pay caused Defendants' other general laborers to be denied their overtime pay.

44. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

45. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying general laborers overtime is legal.

46. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

47. Because Defendants uniformly failed to pay overtime to all general laborers, Lloyd and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

48. Upon information and belief, Defendants employed numerous employees like Lloyd during the past three (3) years.

49. Nearly all of the questions related to Lloyd and the FLSA Collective can be answered on a collective basis.

50. Defendants' practice of paying regular hourly rates for all hours worked, disguising such payments as improper "*per diem*" and not paying members of the FLSA Collective overtime, is based on established companywide policies.

51. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

52. The most important questions presented in this case can be resolved on a collective-wide basis.

53. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

54. Furthermore, individual litigation would be unduly burdensome to the judicial system.

55. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### COLLECTIVE DEFINITION

56. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All individuals who worked for BEK Enterprises, Inc. and/or Ashlee Graves as laborers, including general laborers, construction site laborers, lawn maintenance laborers, landscapers, and helpers, and any employees who were paid on an hourly or day-rate basis at any time within the last three (3) years and worked over forty (40) hours in a workweek and were not paid overtime.

### VIOLATION OF THE FLSA

57. Plaintiff incorporates the proceeding paragraphs by reference.

58. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendants employed Lloyd and each member of the FLSA Collective.

55. Defendants' pay policy denied Lloyd and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendants' failure to pay Lloyd and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

57. Defendants' conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendants' FLSA violations, Lloyd and the FLSA Collective are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## PRAYER

**WHEREFORE**, William Lloyd prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendants, BEK Enterprises, Inc. and Ashlee Graves, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective members may show themselves to be justly entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

/s/ Philip Bohrer
Philip Bohrer
Scott E. Brady
Amanda E. McGowen
BOHRER BRADY LLC
8712 Jefferson Highway, Ste. B

Baton Rouge, LA 70809
Tel: 225-925-5297
Fax: 225-231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com
amcgowen@bohrerbrady.com

*Attorneys for Plaintiff and the Putative Collective*